IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CLEMENTE GARCIA JR.,**

        **Plaintiff,**

        v.                       CASE NO. 09-3154-SAC

**GARY STEED,**
**et al.,**

        **Defendants.**

### O R D E R

This civil rights action is before the court upon defendant City of Wichita's Motion for More Definite Statement (Doc. 14) pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, as well as the issue raised in the Answer (Doc. 17) of defendants Sedgwick County Board of Commissioners and Gary Steed of whether or not plaintiff exhausted administrative remedies on his claims prior to filing a lawsuit in federal court. Having considered these matters, the court finds as follows.

In its Motion for More Definite Statement, defendant City of Wichita alleges that Mr. Garcia has failed to name any employee of the City of Wichita who caused injury to him and failed to specify any policy of the City of Wichita that caused his injury. The court finds that defendant has shown good cause for this motion, and it shall be granted. Plaintiff is required to name the employees of the City of Wichita whose acts or inactions allegedly caused him injury and to specify the policy of the City of Wichita

that allegedly resulted in his injury. Since the events upon which the complaint is based occurred in a Sedgwick County facility and not a city facility, plaintiff may have incorrectly named the City of Wichita as a defendant. If plaintiff fails to provide this more definite statement of his claims against the City of Wichita in a timely fashion, his complaint against this defendant shall be stricken, and the City of Wichita shall be dismissed from this action. The City of Wichita is not required to file an Answer herein until plaintiff has provided the more definite statement and this court has ruled upon its sufficiency.

Having considered the Answer of defendants Board of County Commissioners and Gary Steed, the court finds that the issue is raised as to whether or not Mr. Garcia actually exhausted all available administrative remedies prior to filing this action in federal court. In his complaint Mr. Garcia made the statement that he had exhausted, but alleged no facts showing exhaustion. Prison inmates are required by statute to exhaust prison and jail administrative grievance procedures prior to filing a lawsuit in federal court. See 42 U.S.C. § 1997e(a)[1]; Jones v. Bock, 549 U.S. 199, 202 (2007). While exhaustion of administrative remedies is not a pleading requirement, it is an affirmative defense and defendants have pleaded that defense in their Answer. As the Supreme in Bock stated: "There is no question that exhaustion is

---

[1] Section 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail . . . until such administrative remedies as are available are exhausted."

2

mandatory under the PLRA and that unexhausted claims cannot be brought in court." Id. at 918-19.

Furthermore, 28 U.S.C. § 1915A requires this court to review a civil complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and to "dismiss the complaint, or any portion of the complaint, if the complaint– (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." While failure to exhaust may not be the basis for sua sponte dismissal upon screening prior to a responsive pleading, it may be a basis for dismissal for failure to state a claim. Cf., Bock, 549 U.S. at 216. The court finds that defendants have raised this claim as an affirmative defense. Unless plaintiff now comes forth with actual facts or exhibits including the dates and contents of his grievances and administrative appeals showing that he did exhaust all available administrative remedies in a timely and proper manner on the claims raised in his complaint prior to filing his complaint, this action is subject to being dismissed under § 1997e(g) for failure to exhaust. Plaintiff will be given time to show that he fully and properly exhausted administrative remedies on his claims. No defendant in this lawsuit is required to file an Answer or other response herein until plaintiff has responded as ordered regarding exhaustion and this court has determined whether or not he exhausted prior to filing this complaint.

**IT IS THEREFORE ORDERED** that the Motion for More Definite Statement (Doc. 14) of defendant City of Wichita is granted.

**IT IS FURTHER ORDERED** that plaintiff is granted twenty (20) days in which to provide a more definite statement with respect to his claim against the City of Wichita as discussed herein, and to show that he fully and properly exhausted administrative remedies on his claims prior to filing this lawsuit. If plaintiff fails to comply within the time allotted, this action may be dismissed without further notice.

**IT IS SO ORDERED.**

Dated this 28th day of July, 2010, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge