IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CLEMENTE
GARCIA, Jr.,

        Plaintiff,

    v.                            CASE NO. 09-3154-SAC

GARY STEED,
Sheriff, Sedgwick
County, et al.,

        Defendants.

## O R D E R

Plaintiff, an inmate of the Hutchinson Correctional Facility, Hutchinson, Kansas, filed this civil rights complaint. Summons issued as to defendants Sheriff Steed, Board of Sedgwick County Commissioners, Correct Care Solutions (CCS), and City of Wichita.

Defendant City of Wichita filed a Motion for More Definite Statement, which was granted. Plaintiff was ordered to provide a more definite statement with respect to his claim against the City and given time to do so. The time allotted has expired, and Mr. Garcia has failed to comply with the court's order. The court dismisses this action against the City of Wichita due to Mr. Garcia's failure to provide a more definite statement as ordered, and based upon allegations in defendant's Motion, which indicate it has no liability for acts alleged to have occurred at the Sedgwick County Jail Facility. See 28 U.S.C. § 1915 (e)(2)(B)(i), (ii)([T]he court shall dismiss the case at any time if the court determines that" the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted.").

Defendants Steed and Sedgwick County Commissioners have

submitted a Martinez Report as ordered by the court and have filed their Answer to Complaint, in which they allege that plaintiff failed to exhaust prison administrative remedies on his claims. On July 28, 2010, this court entered an Order finding that defendants had raised as an affirmative defense that Mr. Garcia had not exhausted administrative remedies. Mr. Garcia was informed of the statutory requirement that inmates exhaust prison and jail administrative grievance procedures prior to filing a lawsuit in federal court. See 42 U.S.C. § 1997e(a)1; Jones v. Bock, 549 U.S. 199, 202 (2007). He was further informed that unless he came forth with actual facts or exhibits showing that he had exhausted all available administrative remedies on the claims raised in his complaint prior to its filing, this action could be dismissed without further notice under § 1997e(g) for failure to exhaust. The time in which plaintiff was required to respond to this Order has expired, and no response whatsoever has been filed by plaintiff. The court finds that this action must be dismissed as against defendants Steed and Sedgwick County Commissioners because Mr. Garcia has failed to comply with the court's order requiring that he demonstrate exhaustion.

Defendant CCS has filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. The bases for this motion are defendant's allegation that CCS was not the medical services provider at the Sedgwick County Adult Detention Center and that plaintiff has not exhausted administrative remedies. The court finds that this motion must be sustained, and dismisses this action as against defendant CCS for the reasons stated in defendant's motion, which have not been controverted by plaintiff including

2

plaintiff's failure to show that he has exhausted administrative remedies. See id.

In sum, the court finds that this action must be dismissed as against all defendants due to plaintiff's failure to show administrative exhaustion and to comply with the prior order of this court.

**IT IS THEREFORE BY THE COURT ORDERED** that the Motion to Dismiss, or in the Alternative, for Summary Judgment (Doc. 19) of defendant Correct Care Solutions is sustained.

**IT IS FURTHER ORDERED** that this action is dismissed and all relief is denied as against all defendants.

Plaintiff must continue to make partial payments until the filing fee for this action is paid in full.

**IT IS SO ORDERED**.

Dated this 1st day of November, 2010, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge